UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

ALBERT J. MARQUEZ,

        Plaintiff,

v.                                                   Case No. 1:23-CV-00795 KG-JHR

UNITED STATES OF AMERICA, and
CRYSTAL CLEAR MAINTENANCE, INC.

        Defendants.

ORDER SETTING ASIDE ENTRY OF DEFAULT

This matter comes before the Court on Plaintiff's Motion for Entry of Default, filed December 18, 2023, (Doc. 13), and the Clerk's Entry of Default, entered on December 21, 2023, (Doc. 18). Defendant Crystal Clear Maintenance, Inc. filed its Response to Plaintiff's Motion for Default Judgment on January 2, 2024.[1] (Doc. 19). Plaintiff then filed his Reply Supporting Plaintiff's Motion for Entry of Default on January 16, 2024. (Doc. 21). Considering the parties' briefs, the court record, and the applicable law, the Court denies Plaintiff's Motion for Entry of Default and sets aside the Clerk's Entry of Default conditioned upon Defendant's payment of reasonable attorney's fees to Plaintiff.

As an initial matter, the Court observes that Defendant responded to Plaintiff's motion after the Clerk's Entry of Default, (Doc. 18), on December 21, 2023. Defendant did not file a separate motion to set aside entry of default in accordance with Federal Rule of Civil Procedure 55(c). The Court, however, will evaluate Defendant's response as a motion to set aside the entry of default.

---

[1] The Court notes that Defendant filed its untimely answer to Plaintiff's complaint on January 8, 2024, without requesting leave from the Court.

"The preferred disposition of any case is upon its merits and not by default judgment." *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970) (citing *Meeker v. Rizley*, 324 F.2d 269, 272 (10th Cir. 1963)). Rule 55(c) allows the Court to set aside an entry of default for "good cause." Fed. R. Civ. P. 55(c). Good cause is a lesser standard than the excusable neglect standard under Rule 60(b). *Dennis Garber & Assocs., Inc. V. Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 n.6 (10th Cir. 1997) (citations omitted). In evaluating whether to set aside an entry of default, courts consider three nonexclusive factors including whether (1) the default was willful, (2) setting it aside would prejudice the opposing party, and (3) a meritorious defense is presented. *Watkins v. Donnelly*, 551 Fed.Appx. 953, 958 (10th Cir. 2014) (quoting *Pinson v. Equifax Credit Info. Servs.*, 316 Fed.Appx. 744, 750 (10th Cir. 2009)).

The Court concludes that Defendant has—by the slimmest margin—satisfied the relevant factors necessary for this Court to set aside the entry of default. While perhaps negligent, the Court does not find that Defendant's failure to plead or otherwise defend as required by the Federal Rules of Civil Procedure was willful, nor does the Court find that setting aside the entry of default meaningfully prejudices the Plaintiff. Additionally, the Court finds that Defendant, via its answer to Plaintiff's complaint, (Doc. 20), meets the minimal burden of presenting a meritorious defense.

The Court, however, takes this opportunity to point out that Defendant failed to acknowledge—let alone adhere to—important federal rules of civil procedure. First, in its response, Defendant does not even address the federal rules of civil procedure applicable in this situation. Second, as noted above, Defendant filed only a response to Plaintiff's Motion for Entry of Default, instead of filing a motion to set aside the Clerk's Entry of Default, which would have been more appropriate here. Third, Defendant did not seek leave of this Court, as it

should have, in filing its untimely answer to Plaintiff's complaint, (Doc. 20). The Court cautions Defendant to be more diligent. As a result, before this Court will set aside the entry of default, Defendant is required to pay Plaintiff reasonable attorney's fees and costs associated with his Motion for Entry of Default. *See Littlefield v. Walt Flanagan & Co.*, 498 F.2d 1133, 1136 (10th Cir. 1974) ("The imposition of conditions in an order vacating a default is a device frequently used to mitigate any prejudice which plaintiff may suffer by allowing defendants to plead.").

IT IS ORDERED that:

- Plaintiff provide the Court with an affidavit detailing reasonable attorney's fees and costs associated with filing his Motion for Entry of Default Judgment and his reply;
- Defendant Crystal Clear Maintenance, Inc. will have fourteen (14) days to object;
- The Court will then determine the reasonableness of the attorney's fees and costs, which Defendant Crystal Clear Maintenance, Inc. will pay to Plaintiff within thirty (30) days;
- Upon Defendant Crystal Clear Maintenance, Inc.'s payment of reasonable attorney's fees and costs to Plaintiff, the Clerk shall set aside the Clerk's Entry of Default.

_____
UNITED STATES DISTRICT JUDGE